# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVEN PINCHUK,

    Plaintiff,

  v.

CIT BANK, et al.,

    Defendants.

Case No. 2:16-cv-02986-RFB-CWH

**ORDER**

Presently before the Court is Defendant CIT Bank's motion to stay discovery (ECF No. 25), filed on April 11, 2017. Plaintiff Steven Pinchuk filed a response (ECF No. 27) on April 25, 2017, and Defendant filed a reply (ECF No. 29) on May 2, 2017.

Defendant moves to stay discovery pending a decision on its motion to dismiss (ECF No. 13). In support of a stay of discovery, Defendant argues that its motion to dismiss, if granted, would dispose of all claims, that the motion is likely to be granted, and that no discovery is necessary for the Court to adjudicate the motion. Plaintiff opposes a stay, arguing that discovery is necessary for the Court to properly rule on the motion to dismiss, and that the motion to dismiss is not certain to be granted.

It is within the Court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In determining whether to stay discovery pending resolution of a dispositive motion, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In order to determine if a stay is appropriate, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Further, "a stay of discovery should only be ordered

if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay LLC V. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Courts considering stays in this district have found that this standard is not easily met (*Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013)), and that "[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.* (quoting *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)).

To determine whether a stay of a potentially dispositive motion is appropriate, courts in this district take a "preliminary peek" at the motion. *See Tradebay*, 278 F.R.D. 602-603. This inquiry is not meant to prejudge the motion, but rather to determine whether a stay would help the court to secure the "just, speedy, and inexpensive determination" of the action as required by Rule 1 of the Federal Rules of Civil Procedure. *See Id.*

Here, Defendants argue that their motion to dismiss is potentially dispositive, while Plaintiff argues that the Court should not consider the motion to be dispositive because he would likely be given leave to amend his complaint were the Court to grant the motion to dismiss. However, as the motion to dismiss does appear to move for dismissal of all current claims, the Court will treat the motion to dismiss as a dispositive motion.

The parties also disagree as to whether the motion may be adjudicated without further discovery, but the Court finds no binding authority for Plaintiff's argument that discovery is necessary to flesh out its Fair Credit Reporting Act (FCRA) before a decision may be made on the motion to dismiss. The Court finds that no discovery is necessary to make a decision on the motion to dismiss, and will therefore move on to its preliminary peek.

Defendants argue that Plaintiff's FCRA claim must be dismissed because it contains no specific facts and fails to allege any injury. After its preliminary peek, the Court is not convinced. While the complaint does not specify any dates, the complaint appears to be sufficiently specific as to the parties and their alleged actions to fairly inform Defendants of Plaintiff's claim against it, and to give it an opportunity to defend itself effectively. Further, Plaintiff's allegation that his credit score was affected may constitute an adequate harm to survive the motion to dismiss. While

Defendants arguments to the contrary are not without merit, it does not appear at this stage that Defendant's position is so ironclad that it will certainly prevail.  The preliminary peek has not convinced the Court that the motion to dismiss is certain to be granted, therefore a stay is not warranted at this time.

IT IS THEREFORE ORDERED that Defendants' motion (ECF No. 25) to stay discovery is DENIED.

DATED: May 24, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge