JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: bundickj@gtlaw.com

*Counsel for Defendant
CIT Bank, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN G. PINCHUK,<br><br>    Plaintiff,<br><br>vs.<br><br>CIT BANK, N.A.; and EQUIFAX, INC.,<br><br>    Defendants. | Case No.: 2:16-cv-02986-RFB-CWH<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiff Steven G. Pinchuk ("Plaintiff"), Defendant CIT Bank, N.A. ("CITB"), and Defendant Equifax, Inc. ("Equifax") (collectively, the "Parties"), hereby enter into the following Stipulated Confidentiality Agreement and Protective Order ("Protective Order").

Based upon the mutual order reflected in this stipulation, the Parties agree as follows:

1. This Protective Order shall govern all documents, materials, depositions, testimony, transcripts, responses to requests for admissions, interrogatory responses, items, and/or other information obtained or provided through discovery in this action (collectively "Information") that a Party designates as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the terms hereof (collectively "Confidential Information").

2. Any Party that produces Information in this action and has a good faith and reasonable basis for claiming that such Information constitutes confidential and/or proprietary information may designate such Information as Confidential Information. Any Party that produces Information, and has a reasonable basis for claiming that such Information would not be sufficiently protected through designation under this Protective Order as Confidential Information (for example, because of a significant competitive advantage that is likely to be gained from it), may designate such Information as "Confidential – Attorney's Eyes Only."

    a. For documents, materials, or other written Information, a Party shall designate such Information as Confidential Information by stamping or otherwise labeling each page or item containing Confidential Information as "Confidential" or "Confidential – Attorney's Eyes Only."

    b. For interrogatories and written discovery, designation shall be made by placing the legend "Confidential" on any page(s) of any answer deemed to contain such confidential information, indicating any portion of such page which does not contain such confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the appropriate legend.

    c. For testimony, a Party shall designate such Information as Confidential Information on the record or within 30 days after receipt of the official transcript. Until the 30 day period has expired, the entire transcript shall be considered "Confidential – Attorney's Eyes Only." Such Party shall also require the court reporter to label the portion of the transcript containing the information as "Confidential" or "Confidential – Attorney's Eyes Only."

    d. A Party's inadvertent or unintentional failure to designate Information as Confidential Information or "Confidential – Attorney's Eyes Only" shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, if the disclosing Party takes prompt action after discovering such omission to notify all Parties in writing that such Information constitutes Confidential Information or "Confidential – Attorney's Eyes Only." However, the Party who received that Information without knowledge of its confidential nature may not be held in violation of this Order for using or disclosing that Information before notification of the inadvertent or unintentional failure to designate that Information as Confidential Information or "Confidential – Attorney's Eyes Only."

3. The designation of information as Confidential Information pursuant to this Protective Order shall not preclude any Party from disclosing that information to any person who, in the case of a document, appears as the author or as a recipient thereof on the face of the document, or from disclosing that information to any person who has been identified by the designating party ("Designating Party") as having previously been provided with, or having had access to, the document or the information therein.

4. In the event a Designating Party elects to produce documents for inspection and the receiving Party desires to inspect them before designating them for copying, the Designating Party need not mark the documents in advance of any such inspection. For purposes of the inspection, and any subsequent inspection of the original documents, all documents produced for inspection shall be deemed to be designated as Confidential Information. Thereafter, upon selection of specified documents for copying by the receiving Party, the Designating Party may make the appropriate confidentiality designation at the time the copies are produced to the receiving party.

5. The Parties shall use information designated as Confidential or "Confidential – Attorney's Eyes Only" solely for purposes of these proceedings and not for any other purpose whatsoever, unless the Court permits such additional use or disclosure upon noticed motion served on all parties, including the Party that produced the Confidential Information.

6. The Parties may use Confidential Information in discovery responses, motions, briefs, and other pleadings, may mark Confidential Information as exhibits, and may use Confidential Information in depositions and at trials in this action as appropriate.

7. Except as provided in paragraph 6 above, or as otherwise agreed by the producing party, the Parties shall not disclose information marked as "Confidential" to anyone other than a "Qualified Person." As used in this Protective Order, the term "Qualified Person" refers to: (a) officers, directors, and employees of any Party to this action who have provided their written consent to the terms of this Protective Order in the form attached as Exhibit A hereto; and (i) who are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who are being advised by counsel regarding these actions and the particular disclosure is reasonably necessary with regard to the legal advice being rendered; (b) in-house lawyers who are engaged in preparation for trials in

1  these proceedings, including the following necessary in-house staff: lawyers, accountants, legal
2  assistants and stenographic and clerical employees assisting these persons; (c) outside counsel for a
3  Party, including employees of such counsel (including necessary legal assistants and stenographic
4  and clerical employees actually assisting such counsel and outside vendors engaged by such
5  counsel to scan, copy, and/or code documents), for purposes of assisting in this action; (d) expert
6  witnesses or consultants employed by a Party or its attorneys of record for purposes of assisting in
7  this action who have provided their written consent to the terms of this Protective Order in the form
8  attached as Exhibit A hereto; (e) any other person whose deposition is taken in this action and their
9  attorney; provided, however, that Confidential Information may only be shown to said deponent
10 and their attorney to the extent Confidential Information is used as deposition exhibits and,
11 provided, however, that the deponent is not a principal, officer, director, or employee of a
12 competitor of one of the Parties. If a deposition is proposed to be taken of such an individual
13 associated with a competitor and a party wishes to use Confidential Information in the deposition,
14 the party wishing to do so shall provide notice to the opposing party at least thirty (30) days in
15 advance in order to give the other party the opportunity to object to such a proposed use, and in the
16 event that the parties cannot come to an agreement on the proposed use of Confidential Information
17 for deposition, the objecting party may seek a protective order from the Court; (f) any other person
18 or entity as to whom counsel for the producer or provider of the Confidential Information agrees in
19 writing, or whom the Court directs shall have access to such information; and (g) the Court and
20 Court personnel, including without limitation, Court reporters, stenographic reporters, Court
21 appointed Special Masters, and jurors, or alternates. This Protective Order shall not prohibit any
22 disclosure of Confidential Information as may be required by law to persons other than Qualified
23 Persons, but only upon order of the Court after notice to all other Parties. With respect to those
24 individuals who are required to sign a copy of Exhibit A before receiving Confidential
25 Information or information marked as "Confidential – Attorney's Eyes Only," the Parties agree
26 that they shall mutually exchange all executed copies of Exhibit A relating to this action at the
27 close of discovery.
28 / / /

8. Except as provided above, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential – Attorney's Eyes Only" to anyone other than the following subset of Qualified Persons: (a) outside counsel for a Party, and employees of such attorneys (including vendors), for purposes of assisting in this action; (b) any other person or entity as to whom counsel for the owner/proprietor of the Confidential Information agrees in writing, or whom the Court directs shall have access to such information; (c) expert witnesses or consultants employed by a Party or its attorneys of record for purposes of assisting in this action who have provided their written consent to comply with the terms of this Protective Order in the form attached as Exhibit A hereto; and (d) the Court and Court personnel. Prior to disclosing any information marked as "Confidential – Attorney's Eyes Only" to experts or consultants pursuant to this paragraph, Counsel for the party contemplating such disclosure shall determine that: (i) disclosure to the expert of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case; (ii) the expert is not, and is not believed to intend to become, affiliated with or employed by any entity that is or intends to become a competitor of the opposing party; and (iii) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality Order or order and is not likely to violate the terms of this Protective Order. No Qualified Person shall disclose any "Confidential – Attorney's Eyes Only" information to anyone other than a Qualified Person who falls within the limited subset of Qualified Persons identified in paragraph 7; provided, however, this Protective Order shall not prohibit any disclosure of "Confidential – Attorney's Eyes Only" that may be required by law to persons other than Qualified Persons, but only upon order of the Court after notice to all other Parties. Also, no Qualified Person shall: (a) use Confidential Information for any purpose other than in connection with this action; or (b) disclose Confidential Information to anyone other than a Qualified Person who has agreed in writing to the terms of this Protective Order in the form attached as Exhibit A. No Qualified Person shall disclose any "Confidential – Attorney's Eyes Only" information to anyone other than a Qualified Person who falls within the limited subset of Qualified Persons identified in paragraph 7.

///

9.  Within ninety (90) days from the conclusion of these proceedings, all Confidential Information, including any copies thereof, shall either be returned to the producing Party, or be certified as having been destroyed. Subject to the terms of this Protective Order, the attorneys of record, however, are permitted to keep a file copy of Confidential Information that was submitted to the Court, included in discovery responses, or contained in deposition transcripts. Also, the conclusion of these proceedings shall not relieve any person to whom Confidential Information has been disclosed from the requirements of this Protective Order.

10. If at any time during the pendency of this action, any Party claims that another Party has unreasonably designated Information as "Confidential" or "Confidential – Attorney's Eyes Only," the objecting Party may, after a good faith attempt to resolve the dispute with such other Party, make an appropriate application to the Court requesting that specifically identified Information be re-designated or excluded from the provisions of this Protective Order. If the Court determines that a Party's refusal to de-designate the Information as "Confidential" or "Confidential – Attorney's Eyes Only" was in bad faith, the Court shall award the moving Party its reasonable attorney fees and costs incurred in the application proceeding. The burden of proof with respect to the upholding the designation shall be on the Party designating the information as "Confidential" or "Confidential – Attorney's Eyes Only."

11. Notwithstanding any other provision hereof, this Protective Order shall not apply to any Confidential Information that: (a) is or becomes generally available to the public from a source other than unauthorized disclosure by the Parties or their counsel; (b) becomes available to the Parties or their counsel on a non-confidential basis from a source other than the Parties or their counsel; or (c) is obtained outside discovery in these proceedings through lawful means. Nothing in this Protective Order shall restrict the use of disclosure by a Party of information that it alone has designated "Confidential." Nothing in this Protective Order shall make any documents designated as "Confidential" by a Party privileged, inadmissible as evidence, or precluded from production of the "Confidential" documents in formal discovery, or otherwise alter the obligation of Parties to comply with applicable discovery rules.

///

12. Nothing in this Protective Order shall be deemed to preclude any Party from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Information produced in discovery in this action, or other modification of this Protective Order. The entry of this Protective Order shall neither constitute, nor be used as a basis for, a finding that any Party has waived any objections that it may have to the use, relevance, or admissibility of any Information.

13. The production of any document or other information during discovery in this action, which absent such production would have been in whole or in part privileged under the attorney-client privilege, work-product privilege, or any other applicable privilege, will not release or waive the attorney-client privilege, work-product privilege, or other applicable privilege as to any documents and other information not produced, regardless of its subject matter.

14. This Protective Order shall remain in effect until modified, superseded, or terminated by written consent of all Parties to this action or by further order of the Court.

15. In the event that non-parties produce documents or information in connection with this action, the Parties agree that production of such documents or information shall be made subject to the provisions of this Protective Order. The Parties shall agree to meet and designate all production from non-parties as "Confidential" or "Confidential – Attorney's Eyes Only," or neither, prior to any such production being filed, disseminated, released, submitted or made part of the Court docket or public record. In the event the Parties are unable to agree on a designation of said production, the Parties may resort to the Court to determine the confidentiality of such information, but shall not produce, file or disseminate any information for production prior to the Court's determination of the classification of the information.

16. In the event that a Party or non-party witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "Subpoenaed Party") produce information, documents, things or other materials that have been designated as Confidential Information, the Subpoenaed Party shall: (a) within ten (10) days notify the Designating Party of the demand by serving by facsimile or email upon counsel of record for the Designating Party a copy of said demand; and (b) not produce the information sought by the demand until the Designating Party has had thirty (30) days from the date of service of the

LA 133241831v1

Page 7

1 copy of said demand to object or take other appropriate steps to protect the information. If the Designating Party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party and the latter shall cooperate in affording the Designating Party the opportunity to oppose or limit production of the materials; provided that the Designating Party shall bear all expenses, including attorney's fees, incurred by the Subpoenaed Party in connection therewith.

17. Execution of this Protective Order shall not prevent a Party from seeking, upon application to the Court on ten (10) business days' notice, to modify this Protective Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

18. This Protective Order shall be effective immediately when signed and shall survive the conclusion of these proceedings.

DATED this 8th day of November, 2017.

THE LAW OFFICE OF VERNON NELSON

_____
VERNON A. NELSON, JR., ESQ.
Nevada Bar No. 6434
9480 S. Eastern Avenue, Suite 252
Las Vegas, NV 89123
*Counsel for Plaintiff Steven G. Pinchuk*

DATED this 21st day of September, 2017.

GREENBERG TRAURIG, LLP

_____
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
3773 Howard Hughes Parkway, Suite 400 N
Las Vegas, NV 89169
*Counsel for Defendant CIT Bank, N.A.*

DATED this ___ day of _____, 2017.

SNELL & WILMER, LLP

_____
BRADLEY T. AUSTIN, ESQ.
Nevada Bar No. 13064
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Counsel for Defendant Equifax, Inc.*

**IT IS SO ORDERED** this ___ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE /
UNITED STATES MAGISTRATE JUDGE

copy of said demand to object or take other appropriate steps to protect the information. If the Designating Party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party and the latter shall cooperate in affording the Designating Party the opportunity to oppose or limit production of the materials; provided that the Designating Party shall bear all expenses, including attorney's fees, incurred by the Subpoenaed Party in connection therewith.

17. Execution of this Protective Order shall not prevent a Party from seeking, upon application to the Court on ten (10) business days' notice, to modify this Protective Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

18. This Protective Order shall be effective immediately when signed and shall survive the conclusion of these proceedings.

DATED this ___ day of _____, 2017.

THE LAW OFFICE OF VERNON NELSON

_____
VERNON A. NELSON, JR., ESQ.
Nevada Bar No. 6434
9480 S. Eastern Avenue, Suite 252
Las Vegas, NV 89123
*Counsel for Plaintiff Steven G. Pinchuk*

DATED this ___ day of _____, 2017.

SNELL & WILMER, LLP

_____
BRADLEY T. AUSTIN, ESQ.
Nevada Bar No. 13064
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Counsel for Defendant Equifax, Inc.*

DATED this 21st day of Septem__, 2017.

GREENBERG TRAURIG, LLP

_____
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
3773 Howard Hughes Parkway, Suite 400 N
Las Vegas, NV 89169
*Counsel for Defendant CIT Bank, N.A.*

**IT IS SO ORDERED** this 13th day of November, 2017.

_____
George Foley Jr.
UNITED STATES MAGISTRATE JUDGE